1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   CLEAR RECON CORP,                    )    Case No.: 1:16-cv-01837 DAD  JLT
                                          )
12                    Plaintiff,          )    ORDER VACATING SETTLEMENT
                                          )    CONFERENCE; ORDER TO RACHAEL
13          v.                            )    RODRIGUEZ TO SHOW CAUSE WHY
                                          )    SANCTIONS SHOULD NOT BE IMPOSED FOR
14   ALL CLAIMANTS TO SURPLUS             )    HER FAILURE TO COMPLY WITH THE
     FUNDSAFTER A TRUSTEE'S SALE OF       )    COURT'S ORDERS.
15   THE  REAL PROPERTY LOCATED AT        )
     9903  CHEYENNE DRIVE, BAKERSFIELD,   )
16   CA 93312,                            )
                                          )
                     Defendants.          )
17   _____)

18          On March 3, 2017, the Court issued a scheduling order in this case. (Doc. 13)  At that time, the

19   Court set a settlement conference for July 14, 2017 and ordered the parties to lodge settlement

20   conference statements at least five days before the conference.  (Doc. 13 at 6)  When this did not occur,

21   the Court issued a minute order giving the parties until 5:00 p.m. on July 12, 2017 to do so.  (Doc. 18)

22   Despite having been discharged from this case[1], Clear Recon lodged a statement as did the United

23   States of America.  However, claimant/defendant Rachael Rodriguez has failed to do so.  Instead, her

24   attorney merely sought permission to allow him and his client to appear by telephone at the

25   conference.[2]

26

27   _____
     [1] The court has noted previously that Clear Recon was discharged from this action.  (Doc. 13, at 1 n.1)  Clear Recon is
28   not required to further participate in this action (Doc. 11 at 2; Doc. 12)
     [2] Counsel offers no explanation why he should not have to appear at the settlement conference.  The Court infers that
     he feels that this is appropriate merely because he lives in Washington.  However, presumably he was aware of the

                                                        1

From review of the statement filed by the United States, it appears there is no one available with which the government may settle the case and, given her absolute failure to comply with the Court's orders, the Court has no reason to believe that Ms. Rodriguez believes she has a legitimate claim to the funds.  Moreover, in light of the recently filed request to appear by telephone, it is apparent that neither she nor her attorney intends to appear at tomorrow's conference.  Thus, the Court **ORDERS**:

1. The settlement conference, set on July 14, 2017, is **VACATED**;

2. **No later than July 21, 2017**, claimant/defendant Rachael Rodriguez **SHALL** show cause in writing why sanctions, up to and including striking her claim and the Court entering default against her, should not be imposed for her failure to comply with the Court's orders.  Alternatively, she may file a notice of the abandonment of her claim.

IT IS SO ORDERED.

Dated: __July 13, 2017__    _____**/s/ Jennifer L. Thurston**
           UNITED STATES MAGISTRATE JUDGE

---

venue of this case at the time he accepted the representation.  The Court would have to be advised of extreme circumstances—not including mere inconvenience or travel costs of counsel—for the Court to excuse an attorney's attendance at a settlement conference.  In the event that Ms. Rodriguez intends to pursue her claim, the Court will immediately re-set the settlement conference and her counsel is advised that a further unsupported request for him to be excused from attending the conference will be summarily denied (Doc. 13 at 5).